**Pamela Erika CORRON, Appellant**

v.

**KENT GENERAL HOSPITAL.**

**No. 05–2161.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 18, 2005.

Decided Dec. 6, 2005.

Pamela Erika Corron, Dover, DE, pro se.

John F. Ward, Stevens & Lee, King of Prussia, PA, for Kent General Hospital.

Before ROTH, BARRY and SMITH, Circuit Judges.

## OPINION

PER CURIAM

Pamela Corron, proceeding *pro se,* appeals the March 22, 2005 order of the United States District Court for the District of Delaware dismissing her civil rights complaint with prejudice for failure to prosecute or to comply with its orders pursuant to Federal Rule of Civil Procedure 41(b). We review such an order for abuse of discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir.2002). "While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Id.*

We have emphasized that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns–Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).

Before dismissing an action, the District Court is required to make explicit findings regarding the factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869 (3d Cir.1984). *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987); *see. also United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir.2003) ("We have opined that [the *Poulis* factors] must be weighed by a District Court in determining whether the harsh sanction of dismissal is justified"). The *Poulis* factors that the District Court must consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders ...; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Poulis*, 747 F.2d at 868.

This Court's function is to determine whether the District Court properly balanced the *Poulis* factors and whether the record supports its findings. *Livera v. First Nat. State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir.1989) (citing *Hicks v. Feeney*, 850 F.2d 152 (3d Cir.1988));. *see also Emcasco*, 834 F.2d at 73–74 (noting that "[i]n order that we may properly exercise our function of reviewing for abuse of discretion, we have [ ] required the district court to make explicit findings concerning the factors it must consider in rendering judgment by ... dismissal"). Here, however, the District Court did not

conduct any *Poulis* analysis. We thus conclude that the District Court erred in dismissing Corron's complaint without making the requisite findings. *Livera*, 879 F.2d at 1193. Moreover, given the record presented, we will forego the opportunity to conduct our own *Poulis* test as it would require factual findings not within the parameters of our review. *See id.* at 1194.

By failing to conduct a *Poulis* balancing test, the District Court abused its discretion; therefore, a remand to the District Court for consideration of the *Poulis* factors is necessary. *See id.* at 1188. Accordingly, we will summarily vacate the District Court's order entered March 22, 2005 and remand the case to the District Court for further proceedings.